

# The Attorney General of Texas

November 24, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gerald Brown
Executive Director
Texas Industrial Commission
410 East Fifth Street
Capitol Station
Austin, Texas 78711

Opinion No. MW-277

Re: Use of floating interest rates in the issuance of industrial revenue bonds

Dear Mr. Brown:

You request our opinion as to whether the board of directors of an industrial revenue corporation, when issuing revenue bonds, may set interest rates for the bonds which vary or float according to certain economic indicators such as a percentage of the prime rate charged by a particular bank. The traditional position of the Attorney General's Office in its bond approval function has been that such bonds are not negotiable.

The Texas Supreme Court has clearly held that floating rates do destroy negotiability in bonds. Brazos River Authority v. Carr, 405 S.W. 2d 689, 695 (Tex. 1966). The ruling is problematic in that the court based its holding on article 3 of the U.C.C. (Commercial Paper), which, by its own terms is inapplicable to investment securities. Bus. & Comm. Code §3.103. See also §8.102. However, there is authority to the effect that while article 8 provisions govern securities and direct application of article 3 to investment securities is clearly precluded, recourse to article 3 for guidance in points not clearly covered under article 8 is appropriate. See E. F. Hutton & Co. v. Manufacturers National Bank of Detroit, 259 F. Supp. 513, 517 (E.D. Mich. 1966); Bankhaus Hermann Lampe K G v. Mercantile-Safe Deposit and Trust Co., 466 F. Supp. 1133 (S.D.N.Y. 1979); Folk, Symposium: Selected Problems Under the Uniform Commercial Code, Article Eight: A Premise and Three Problems, 65 Mich. L. Rev. 1379, 1387 (1967). Further, the common law definition of a term remains in place where the U.C.C. has not specifically displaced such definition and the common law definition of negotiability in Texas comports with the article 3 definition. Bus. & Comm. Code §1.103. See also Weisbart & Co. v. First National Bank, 568 F. 2d 391 (5th Cir. 1978) and Texas Banking & Ins. Co. v. Turnley, 61 Tex. 365, 368 (1884).

The court in Brazos River Authority based its holding on statutory interpretation; the issue involved is not constitutional. Instruments not qualifying under the common law may, of course, be declared negotiable by

legislation. The argument has been advanced that article 8 does in fact define negotiability for investment securities; that if such securities meet a certain form they are _ipso jure_ negotiable instruments. The pertinent statutory definition includes a requirement that the instrument be "of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area which it is issued or dealt in as a medium for investment." Bus. & Comm. Code §8.102(a)(1)(B). Due to the Brazos River Authority case there is no basis for arguing that a bond or note with a floating interest rate can fit this part of the definition, thereby qualifying as a negotiable instrument under article 8. See Folk, supra. See also Bankhaus Hermann, supra; Zamore v. Whitten, 395 A. 2d 435 (Me. 1978); Guttman, Article 8 - Investment Securities, 17 Rutgers L. Rev. 136, 138 (1962).

Industrial development corporations are not limited by statute to issuing negotiable paper. There is no difficulty in such a corporation issuing non-negotiable paper with a floating interest rate. However, absent a clear legislative determination that industrial development corporations may issue negotiable paper tied to floating rates, we feel that Brazos River Authority controls in its holding that securities with floating rates are non-negotiable.

## SUMMARY

Under present Texas law an investment security tied to a floating interest rate is not a negotiable instrument. Thus an industrial development corporation may issue its non-negotiable paper tied to a floating rate, but it must issue its negotiable paper with a fixed rate of interest.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Voss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Thomas M. Pollan
Susan L. Voss